**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 2:12-CR-47-FtM-UASPC

**MOZART FRANCOIS**

**ORDER**

This matter comes before the Court on the Defendant, Mozart Francois' Emergency Motion for Reconsideration/First Amended Motion to Set Bond (Doc. #15) filed on April 9, 2012. The Defendant moves the Court for reconsideration of the Court's decision to deny bond. The Government filed an expedited response pursuant to Court Order. (Doc. #18). Although they did not seek leave of court to do so, the Defendant filed a Motion/Response to the Government's Response (Doc. #20). The motion is fully briefed and ripe for review.

On April 6, 2012, the Court held a hearing regarding the issue of bond. Martin Derovenesian, Assistant Federal Public Defender, appeared on behalf of the Defendant. Jesus Casas, Assistant United States Attorney, appeared on behalf of the Government. The Government sought detention of the Defendant arguing that he was a risk of flight and danger to the community. Defense Counsel argued there were reasonable conditions of release that could be imposed to ensure the appearance of the Defendant at future court proceedings as well as the safety of the community. Defense Counsel provided testimony from Mikchazart Francois, Defendant's brother, and Charley Caza (phonetic), Defendant's friend. After considering the Pretrial Services Report, the proffers and arguments of Counsel, the Defendant's residential and

1

familial ties, employment history, the nature and circumstances of the offense and weight of the evidence against the Defendant, the Court found the Defendant was a risk of flight and danger to the community. As a result, Defendant was remanded to the custody of the U.S. Marshal pending further proceedings.

The Defendant now moves the Court to reconsider his detention and release him from custody. The Defendant states that he is being held in custody for an offense that he did not commit, a factor which is clearly to be considered under 18. U.S.C. § 3142, and which was not previously considered by this Court. As grounds, the Defendant states that he entered a plea *nolo contendere* to a breaking and entering charge in State Court and that he received a withhold of adjudication. The Plaintiff argues that under Florida law an individual that enters a plea of *nolo contendere* and has a withhold of adjudication entered is not guilty of a felony. *See* U.S. v. Willis, 106 F.3d 966 (11th Circuit) (holding that under Florida law a withhold of adjudication based upon an *nolo contendere* plea is not a conviction for purposes of 18 U.S.C. § 922(g)(1)). Thus, the Defendant states that he could not have violated 18 U.S.C. § 922(g)(1)-a convicted felon in possession of a firearm—because he is not a convicted felon under Florida law.

The Government argues that the Defendant pled guilty in open court to the felony charges. At the plea hearing before the Honorable Edward Volz, Circuit Court Judge Twentieth Judicial Circuit, in and for Lee County Florida, Assistant State Attorney (ASA) Claudia Stewart advised the Defendant that he was entering a guilty plea to the charges that were punishable for up to five years in prison. The Defendant answered that he understood. In addition to the change of plea colloquy, the Government argues the court minutes and Order of Probation also reflect its position that the defendant entered a guilty plea. Thus, the Government argues that even with the withhold of adjudication, the Defendant violated 18 U.S.C. § 922(g)(1), because he

is considered a convicted felon under Florida law. *See* U.S. v. Orellanes, 809 F.2d 1526 (11th Cir. 1987) ; U.S. v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989); U.S. v. Chubbuck, 252 F.3d 1300 (11th Cir. 2001). The Government continues that the Eleventh Circuit has also found that a guilty plea followed by a withhold of adjudication, regardless of the successful completion of probation, is a conviction for enhancement under the Armed Career Criminal Act. *See* U.S.v. Santiago, 601 F.3d 1241, 1247 (11th Cir. 2010).

Thus, the issue comes down to a factual dispute between the Defendant and the Government regarding the nature of the Defendant's plea in the prior State Court proceedings. There is no summary judgment procedure in criminal cases. U.S. v. Critzer, 951 F.2d 306, 307 - 308 (11th Cir. 1992). Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Id. Moreover, this court is constitutionally barred from ruling on a hypothetical question. Id. The sufficiency of a criminal indictment is determined from its face. Id. The indictment is sufficient if it charges in the language of the statute. Id.

> [A]n indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment*308 satisfies these requirements as long as the language therein sets forth the essential elements of the crime.

Id. (citing U.S. v. Cole, 755 F.2d 748, 759 (11th Cir.1985).

Constitutional requirements are fulfilled "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." U.S. v. Yonn, 702 F.2d 1341, 1348 (11th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983). In Brown v. United States, 228 F.2d 286 (5th Cir.1955), *cert. denied,* 351 U.S. 986, 76 S. Ct. 1055, 100 L. Ed. 1500 (1956), the court held that an indictment in which the government charged defendants with violation of the statute by citing the statute was sufficient. The indictment in this case meets these requirements. Therefore, the indictment in this case is valid and the Defendant's

Motion for Reconsideration of his detention based upon the factual challenge that he could not violate the law because he pled *nolo contendere* and had adjudication withheld lacks merit. The indictment meets the requirements as discussed by the Supreme Court in <u>Brown</u>, and the Court's rationale for denying the Defendant bond is in compliance with the law. Since the Court is constitutionally barred from considering the Plaintiff's factual claim regarding the status of his prior State Court proceedings, the Motion for Reconsideration must be denied. The Court stands by its rationale in detaining the Defendant pending trial as stated in its written Order and as pronounced orally in court.

Accordingly, it is now

**ORDERED:**

The Defendant Mozart Francois' Emergency Motion for Reconsideration/First Amended Motion to Set Bond (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 13th Day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: Counsel of Record